UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES MICHAEL HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00093-JPH-MJD |
| ) | |
| THOMAS J. WATSON, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT,
DISMISSING IMPROPERLY JOINED DEFENDANT,
AND DIRECTING ISSUANCE AND SERVICE OF PROCESS**

Plaintiff Charles Michael Hall, an inmate in federal prison, filed this action against two prison officials alleging two unrelated civil rights violations. He also brings a Federal Tort Clam Act claim against the United States of America. Because Mr. Hall is a prisoner, his complaint is subject to screening.

### I. Screening Standard

The Court must screen Mr. Hall's complaint, dismissing all claims that are frivolous or malicious, fail to state a claim for relief, or seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)−(c). To determine whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal, the complaint "must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II. The Complaint

Mr. Hall names two individual defendants. Defendant Michael Smith is an assistant director in the health services division for the Federal Bureau of Prisons. Defendant Thomas J. Watson is warden of the United States Penitentiary in Terre Haute, Indiana. Mr. Hall also names the United States of America as a defendant.

### A. Medical Claims

Mr. Hall suffers from Crohn's disease and requires a stoma—an artificial opening through which he eliminates intestinal waste into an ileostomy bag. If the skin around the stoma is not healthy, the intestinal waste may leak onto Mr. Hall and his clothes, causing a strong smell and contamination. He must also change the ileostomy bag immediately after a leak occurs.

In 2018, a surgeon moved the site of Mr. Hall's stoma. Following the surgery, a small area of skin did not heal. Mr. Hall notified prison medical staff, who took a "wait and see" approach. The skin did not heal and instead formed a bloody wound. Mr. Hall began experiencing frequent stoma leaks.

The prison physician referred Mr. Hall for outside treatment of the wound. Despite around 20 visits to an outside treatment provider, the wound has not healed. The prison physician has since instructed a prison nurse to provide these same treatments, but the nurse has not done so. The wound has grown in size, and it continues to leak regularly.

Mr. Hall alleges that Assistant Director Smith "was ultimately responsible and accountable for the health care decisions made for" Mr. Hall. Dkt. 1, ¶ 14. He seeks damages, injunctive relief, and declaratory relief.

### B. Mailroom Claims

Mr. Hall alleges that since January 2017, when he began filing grievances about meal service, he began noticing delayed and undelivered mail. In March 2020, Mr. Hall's attorney mailed him certain documents.[1] The prison did not deliver these documents to Mr. Hall and they were instead mailed back to the attorney.

Mr. Hall alleges that he has notified Warden Watson about the mailroom issues, but he does not allege when.

### III. Discussion

#### A. Claims to Proceed

Mr. Hall's claims for injunctive and declaratory relief based on deliberate indifference to a serious medical need in violation of the Eighth Amendment **SHALL PROCEED** against defendant Michael Smith in his official capacity.

Mr. Hall's Federal Tort Claims Act claim against the United States based on Assistant Director Smith's alleged negligence also **SHALL PROCEED**.

#### B. Claims to Be Dismissed

To the extent Mr. Hall sues Assistant Director Smith in his individual capacity, his claim is based on *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). But individual government officials may not be held liable for damages in a *Bivens* action under a theory of *respondeat superior*. Instead, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Mr. Hall does not allege that Assistant Director Smith was personally

---

[1] The attorney who allegedly mailed Mr. Hall these documents is the same one who filed this complaint on his behalf. Mr. Hall is now represented in this action by a different attorney who has been recruited by the Court. Dkt. 11; dkt. 12.

involved in any medical treatment decisions or other constitutional violation. Accordingly, the individual capacity claims against Assistant Director Smith are **DISMISSED** for failure to state a claim upon which relief may be granted.

"[C]onstitutional claims must be addressed under the most applicable provision." *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (internal citation omitted). A complaint "gains nothing by attracting additional constitutional labels." *Id*. To the extent Mr. Hall alleges claims under the First, Fifth, and Sixth Amendments, such claims are **DISMISSED for failure to state a claim upon which relief can be granted.** This is because the most applicable provision is the Eighth Amendment.

Mr. Hall's claims against Warden Watson are **DISMISSED** without prejudice as improperly joined. As this Court has explained in another of Mr. Hall's cases, "[a] suit may join multiple defendants only 'if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.'" *Hall v. United States*, No. 2:20-cv-370-JPH-MJD, dkt. 21 (Jan. 26, 2021) (quoting Fed. R. Civ. P. 20(a)). There is no question of law or fact common to both Assistant Director Smith and Warden Watson. These defendants are therefore improperly joined. If Mr. Hall wishes to pursue his claims against Warden Watson, he must do so in a separate action.

### IV. Directing Issuance and Service of Process

The **clerk is directed** to terminate defendant Thomas J. Watson as a defendant on the docket. The **clerk is directed** to add the United States of America as a defendant on the docket.

The **clerk is designated** to issue process to defendants Michael Smith and the United States of America. *See* Fed. R. Civ. P. 4(c)(3). Process shall consist of a summons, which shall be served

with a copy of the complaint, dkt. [1], and a copy of this Order, by the Marshal for this District or his deputy at the expense of the United States.

**SO ORDERED.**

Date: 6/29/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES MICHAEL HALL
03766-036
TERRE HAUTE - USP
TERRE HAUTE U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

John R. Maley
BARNES & THORNBURG, LLP (Indianapolis)
jmaley@btlaw.com

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204